825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruperto MARTINEZ, Plaintiff-Appellant,
v.
FREDERICK & HERRUD, INC., and United Food & Commercial
Workers, Local Union No. 26, Defendants-Appellees.
 No. 86-1726
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1987.
 
 Before LIVELY, Chief Judge, KEITH, Circuit Judge, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 Martinez, a former employee of Federick & Herrud, Inc., was discharged from employment and brought this action against his former employer for breach of the contract of employment and against his union for breach of its duty of fair representation. The district judge granted summary judgment to the former employer and granted the union's motion to dismiss, or in the alternative, for summary judgment.
 
 
 2
 The plaintiff was injured when a fellow employee stabbed him accidentally on company premises. Both men went to the plant first aid office and it is undisputed that both lied about the manner in which plaintiff received his injury. They stated that he had accidentally cut himself. Later their versions were somewhat different, plaintiff contending that the other employee accidentally hit him with the knife as the plaintiff was leaving the plant, while the other employee testified that he and plaintiff were engaged in shadow boxing and horseplay in the plant parking lot when he accidentally stabbed the plaintiff. The company discharged both employees after investigation showed that they had lied about the incident.
 
 
 3
 Both plaintiff and the other employee filed grievances with the union contesting their discharge. The other employee was reinstated at the fourth step of the grievance procedure, but plaintiff was not. The plaintiff testified that at the close of the fourth stage meeting he understood that the union had agreed to hold his grievance in abeyance until after he had resolved his workers' compensation claim and recuperated sufficiently to return to his former work. This occurred on April 26, 1983. The plaintiff had no further contact with the union until January 9, 1985 when his attorney requested certain records. This action was filed on May 17, 1985, some 25 months after the final meeting on his grievance.
 
 
 4
 Plaintiff claimed that the employer had discharged him in retaliation for exercising his rights under the workers' compensation laws and that the employer had discharged him without good cause. His claim against the union was that it had failed to pursue his grievance and had misled him regarding the handling of the grievance.
 
 
 5
 The district court found that plaintiff had been discharged prior to ever filing a petition for workers' compensation benefits and that he had not been discharged without just cause in violation of provisions of the collective bargaining agreement. The district court also held that plaintiff's claim against the union was barred by the applicable six month statute of limitations and that the union had not acted in an arbitrary or discriminatory manner in handling plaintiff's grievance.
 
 
 6
 The district court did not err in concluding that the employer had not discharged the plaintiff for exercising his rights under Michigan's Workers' Compensation Act. The discharge occurred prior to the plaintiff's filing a claim for compensation benefits. The district court also correctly determined that plaintiff's lying about the incident was just cause for his discharge and that the employer had good reasons for reinstating the other participant in the incident while holding the plaintiff's claim in abeyance. We conclude that the district court properly granted summary judgment on the claim against the employer.
 
 
 7
 At oral argument the plaintiff contended that he should have been reinstated to a job for which he was physically fit rather than having his claim for reinstatement held in abeyance because he had not recovered from his injury. We find no indication in the record that this argument was ever made in the district court. Nevertheless, if that is the plaintiff's position now, the 'triggering act' would have occurred in April 1983 when the employer made the decision to hold the grievance in abeyance and the union failed to insist that the plaintiff be given a different job for which he was qualified. Yet, the plaintiff waited more than two years before filing this action and it clearly is barred by Section 10(b) of the Labor Act, 29 U.S.C. Sec. 160(b). The plaintiff's alternative claim that the union breached its duty of fair representation by not pursuing his grievance after he received a favorable decision on his workers' compensation claim is without merit. There is nothing in the record to indicate that the plaintiff ever notified his union of the outcome of the workers' compensation action. The plaintiff failed to produce any evidence that the union action was abritrary, discriminatory or taken in bad faith as required by Vaca v. Sipes, 386 U.S. 171 (1967).
 
 
 8
 On the entire record, we conclude that the district court correctly granted summary judgment to both defendants. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505 (1986). The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable David Dowd, Judge, United States District Court for the Northern District of Ohio, sitting by designation